Stephanie J. Meade, Attorney
Law Office of Stephanie J. Meade
P.O. Box 35382
Tucson, AZ 85740-5382
Telephone #: 520-419-0299
Email Address: meadelaw23@aol.com
State Bar #: 012525
PCC#: 38088
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | NO. CR 4:24-cr-04257-JCH-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Defendant's Sentencing Memorandum |
| v. | ) | |
| | ) | |
| | ) | |
| Antonio Olmos, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Antonio Olmos, comes before this court by and through his attorney undersigned, and pursuant to Fed. Crim. R. 32, U.S.C. 18 §3553 (a) (D) & (b)(1), and United States v. Booker, 543 U.S. 220 (2005) and provides these points for this Court's consideration.

Mr. Olmos pled guilty to Count 3: Aiding and Abetting Making False Statements in Connection with Purchase of Firearms 18 U.S.C. § 922(a)(6), 18 U.S.C. § 924(a)(2), 18 U.S.C. § 2 Not more than 10 years imprisonment/$250,000

1

fine (Class C Felony)

According to the Presentence Report, he has an Offense Level 12 with a CHC II. The guidelines range is 12-18 months. His plea agreement provides that his sentence cannot exceed the low end of the guidelines range. He may argue for a variance. Based upon that calculation, the probation officer has recommended a sentence of probation.

In considering its sentencing, the court shall impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing – to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; to deter criminal conduct; to promote public safety and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2); *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir.2013), *citing Pepper v. United States*, 562 U.S. 467 (2011).

In making its decision the court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the four primary purposes of sentencing, i.e., retribution, deterrence, incapacitation, and rehabilitation; (3) the kinds of sentences available (e.g., whether probation is prohibited or a mandatory

2

minimum term of imprisonment is required by statute); (4) the sentencing range established through application of the sentencing guidelines and the types of sentences available under the guidelines; (5) any relevant "policy statements" promulgated by the Commission; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Accordingly, the Supreme Court has consistently instructed that "the punishment should fit the offender and not merely the crime," and thus judges should use "the fullest information possible concerning the defendant's life and characteristics" to determine the appropriate sentence. *Trujillo*, 713 F.3d at 1008-09, *citing Pepper*, 562 U.S. at 487-88, and *quoting Williams v. New York*, 337 U.S. 241, 246-47 (1949).

While this Court must correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), *Rita v. United States, 551 U.S. 338, 356 (2007). United States v. Lorenzo-Santiago* (5th Cir. 2019), it may not treat that range as mandatory or presumptive. *Id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009).

As is well documented in the PSR, Mr. Olmos committed this offense when he was in the extreme throes of his long-term addiction which stemmed from various significant and untreated traumas in his life.   Since the time of this offense in 2021, he has significantly rehabilitated himself and become a productive and successful member of society.

Letters provided on this behalf for sentencing describe his ongoing and dedicated efforts at maintaining his sobriety and giving back to the members of his rehabilitative community. For a man whose substance abuse started at age 8, who was dual-diagnosed and untreated, and who survived a period of homeless, the "experience, strength and hope" he shares with those in recovery is powerful and meaningful. He has the potential to save lives.

Mr. Olmos has been compliant with his pretrial services requirements and those of his state probation supervision.   He has made tremendous strides toward creating a positive and productive life. He has shown the court that he is an excellent candidate for probation.

For these reasons, he requests that this court adopt the recommendation of the probation officer, grant him a variance and sentence him to 36 months of probation.

4

DATED 11th day of April 2025.

*Stephanie J. Meade*

STEPHANIE J. MEADE,
ATTORNEY FOR DEFENDANT

Copy of foregoing electronically sent to:

Matt Cassell, AUSA